

**SIGNED this 23rd day of February, 2012.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas
San Antonio Division**

| | |
|---|---|
| IN RE: | BANKR. CASE NO. |
| KAREN ANN VAZQUEZ | 11-52988 |
| *DEBTOR* | CHAPTER 7 |

### DECISION ON OBJECTION TO EXEMPTION

CAME ON for hearing the foregoing matter. The captioned Debtor claimed legal title to and an exemption in certain real property located in Wilson County, Texas (the "property") on her bankruptcy schedules. On November 2, 2011, the Chapter 7 Trustee filed an objection to the Debtor's claim of exemption. The Trustee filed an amended objection on November 3, 2011. The court held a hearing on the Trustee's objection on February 22, 2012. In brief, the Trustee argued that the real property at issue could not be claimed as exempt by the Debtor because the property had been transferred by the Debtor to "Karen Ann Vazquez, as Trustee of the Karen Ann Vazquez Revocable Living Trust dated August 15, 2003" on July 23, 2007. Thus, argued the Trustee, because the real property was not property of the Debtor's estate it could not be

1

exempted by the Debtor. The Trustee further argued that although section 41.0021(b) of the Texas Property Code allows one to claim a homestead exemption in property transferred to a qualifying trust, here, the property was transferred over two years before section 41.0021(b) was enacted in September, 2009. The Trustee maintained that section 41.0021(b) has no retroactive effect, and thus the Debtor cannot claim a homestead exemption in property transferred to the Trust in 2007.

In response to the Trustee's objection, the Debtor argued that the Trust is not a valid trust because the Debtor is both the sole trustee and sole beneficiary of the Trust, and thus the legal and equitable interests impermissibly lie in the same person. Because the Trust is invalid, she argued, the Trust property is property of the Debtor's bankruptcy estate and may be properly exempted. The Debtor also argued that section 41.0021 of the Texas Property Code does apply to this Trust, either because that statute should be read to have retroactive effect or because the Trust should be deemed to have been (re)created in August, 2010—when it was amended—thus making the statute (enacted in 2009) applicable to the amended Trust. Lastly, the Debtor argued that the Trust is exempted from property of the estate pursuant to section 541(c)(2), which exempts spendthrift trusts from property of the estate.

A warranty deed dated July 23, 2007, purports to transfer title to the property at issue here from the Debtor, as grantor, to "Karen Ann Vazquez, as Trustee of the Karen Ann Vazquez Revocable Living Trust dated August 15, 2003" as grantee. The Trust document itself, however, does not appear to have been amended to reflect this transfer of property until August 25, 2010.

The Trust explicitly states that it is to be construed in accordance with, and governed by, the laws of the state of Nevada. The Trust was originally executed and recorded in Nevada. Only the 2010 amendment was executed in Texas. The Trust names the Debtor as the sole trustee. Additionally, although the Debtor is not explicitly listed as a beneficiary in the body of the Trust document, she signed a Certificate of Appointment of Successor Trustee as both the beneficiary and trustee of the Trust. Thus, it is clear that the Debtor is both the sole trustee and sole named beneficiary of the Trust. For the reasons stated below, this fact is dispositive of the Trustee's objection to the Debtor's claim of exemption.

*Discussion*

The court will first quickly dispose of the question regarding the applicability of section 41.0021(b) of the Texas Property Code to the Trust at hand. As noted above, the Trust was originally created on August 15, 2003. On July 23, 2007, the Debtor transferred title to the real property at issue here to the Trust. The Trust was then amended on August 25, 2010. This amendment consisted of an amended Exhibit A to the original trust which identified the real property in Texas as property of the Trust.

The legislative notes accompanying section 41.0021(b) of the Texas Property Code state as follows: "This Act applies only to a transfer that is effective on or after the effective date of this Act [September 1, 2009]. A transfer that is effective before the effective date of this Act is governed by the law as it existed immediately before the effective date of this Act, and that law is continued in effect for that purpose." Acts 2009, 81st Leg., ch. 984 (H.B. 3767), § 2. Thus, it is clear that the date of the original transfer of the property into the Trust—rather than the date of any subsequent trust amendments—is the relevant date for determining the applicability of section 41.0021. Here, the property transfer took place in July 2007, making section 41.0021 inapplicable.

While the Trust is not a qualifying homestead trust under Texas law, if, as the Debtor argues, the Trust was never actually a valid Trust to begin with, then the Debtor, as holder of both the legal and equitable interests in the Trust property, would be entitled to claim an exemption in such property as the property was initially part of her bankruptcy estate.[1] While there is a dearth of Nevada case law on this issue, it has been recognized that "in resolving trust questions, the Nevada Supreme Court has relied on the Restatements of the Law of Trusts." *Stasz v. Gonzalez (In re Stasz)*, 2011 Bankr. LEXIS 1786, at *17 (B.A.P. 9th Cir. Apr. 5, 2011) (citing *Pryor v. Pryor*, 103 Nev. 148, 734 P.2d 718, 719 (Nev. 1987).

Section 99 of the Restatement (Second) of Trusts, titled "Beneficiary as Trustee", provides:

(1) One of several beneficiaries of a trust can be one of several trustees of the trust.

(2) One of several beneficiaries of a trust can be the sole trustee of the trust.

(3) The sole beneficiary of a trust can be one of several trustees of the trust.

(4) If there are several beneficiaries of a trust, the beneficiaries may be the trustees.

(5) *The sole beneficiary of a trust cannot be the sole trustee of the trust*.

---

[1] At the hearing the Trustee, relying on *In re Betcher*, 2009 WL 210677 (Bankr. S.D. Tex. Jan. 26, 2009), argued that, because no adversary proceeding had been filed to determine the validity of the Trust, the court should not decide the issue of the Trust's validity, but rather should only decide whether, assuming the Trust's validity, the Debtor could claim a homestead exemption in Trust property. In *Betcher*, the Debtors did not claim a legal interest in the property being claimed as exempt. Rather, the Debtors only claimed (and sought to exempt) a possessory interest in the property being held in trust. *Id.* at *3. The *Betcher* court did not have to reach the issue of the validity of the trust to determine whether the Debtors had a legitimate possessory interest in the property. Here, by contrast, the Debtor maintains that she holds the subject property in her own right, and that a trust never came into existence. The Trustee would have the court assume the facial validity of the trust, and require an adversary proceeding to reach the proposition suggested by the Debtor. But where the trust instrument *itself* facially demonstrates that no trust was created, it elevates form over substance to demand that an adversary proceeding be filed in order to make that legal determination. In *Betcher*, facts would have had to have been developed in order to determine whether the trust in that case was valid. No facts require development here. The instrument itself proves its own invalidity. *See* discussion *infra*. The court accordingly declines to require an adversary proceeding to arrive at the obvious.

RESTATEMENT (SECOND) OF TRUSTS, § 99 (1959) (emphasis added). Comment 5 to this section states:

> Where one person has both the legal title to property and the entire beneficial interest, he holds it free of trust. There is no separation of the legal and beneficial interests, and there are no duties running from himself to himself, and no rights against himself. He is in a position where he can dispose of the property as freely as any owner can do, since there is no one who can maintain a proceeding against him to prevent him from so doing, and if he transfers the property there is no one who can make him accountable for the proceeds or can reach the property in the hands of the transferee. He cannot himself maintain an action against the transferee since he cannot base an action upon his own voluntary act in making the transfer.

*Id.*, comment 5. Additionally, section 341 of the Restatement, titled "Merger", provides:

> (1) Except as stated in Subsection (2), if the legal title to the trust property and the entire beneficial interest become united in one person who is not under an incapacity, the trust terminates.
>
> (2) If the beneficiary of a spendthrift trust having the entire beneficial interest in the trust property becomes without his consent the sole trustee, he can procure the appointment of a new trustee and have the trust reconstituted.

RESTATEMENT (SECOND) OF TRUSTS, § 341 (1959).[2] In short, because the Debtor is the sole trustee and sole beneficiary of the Trust at issue here, she actually holds the Trust property free of any trust. The Trust property thus constitutes property of the Debtor's bankruptcy estate. Accordingly, the Trustee's objection to the Debtor's claim of exemption (on the basis that the Debtor did not own the property at the time of filing, and thus the property, not being property of the Debtor's estate, could not be exempted by her) must be denied.

---

[2] Texas law is also clear that "[w]here one person has both the legal title to the property and the entire beneficial interest, he holds it free of trust." *Moody v. Pitts*, 708 S.W.2d 930, 934 (Tex. App.--Corpus Christi 1986). *See also Denton v. Seals (In re Denton)*, 169 B.R. 612, 615 (W.D. Tex. 1994) (stating that "[o]ne of the most fundamental requirements for the creation of a trust is that the legal and equitable interests in the trust's property be vested in different people") (citing TEX. PROP. CODE ANN. § 112.034(a) (Vernon 1984)); *Shands v. Texas State Bank*, 2001 Tex. App. LEXIS 109, at *9 (Tex. App.--San Antonio Jan. 10, 2001) (unpublished) ("[I]f there is a failure to achieve and sustain a split of legal and equitable title, merger will occur. If a settlor transfers both the legal title and all equitable interests in property to the same person or retains both the legal title and all equitable interests in the property himself as both the sole trustee and the sole beneficiary, the trust is not created and the transferee holds the property as his own. Normally, a trust will terminate if the legal title to the trust property and all equitable interests in the trust become united in one person.") (citing § 112.034(b)).

4

As a final note (despite the above conclusion that no valid trust exists), the court will address the Debtor's argument that the Trust property was properly exempted from the estate by virtue of section 541(c)(2) of the Bankruptcy Code. Section 541(c)(2) exempts spendthrift trusts from property of the estate. However, under Nevada law, a self-settled trust "is not a true spendthrift trust and would not be excluded from the bankruptcy estate." *In re Watson*, 192 B.R. 238, 243 (Bankr. D. Nev. 1996) (citing *In re Shuman*, 78 Bankr. 254 (9th Cir. BAP 1987)); *see also In re Shuman*, 68 B.R. 290, 295 (Bankr. D. Nev. 1986) (noting that "[a]lthough the Nevada Supreme Court has not addressed the issue, in the majority of jurisdictions a [party] may not create a spendthrift trust for his own benefit."); RESTATEMENT (SECOND) OF TRUSTS § 156 (1959) ("Where a person creates for his own benefit a trust with a provision restraining the voluntary or involuntary transfer of his interest, his transferee or creditors can reach his interest."). The Trust at issue here is a self-settled trust. The Debtor, as settlor, contributed the property to the Trust for her sole benefit. Accordingly, the spendthrift provision is invalid and the Debtor's interest in the Trust is not excluded from property of her estate by virtue of section 541(c)(2).

For all of the foregoing reasons, the Trustee's objection to the Debtor's claim of homestead exemption is DENIED.

####